UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

SPEEDMARK TRANSPORTATION, LTD.,

    Plaintiff,

v.

EXPERT-LOG AGENCIAMENTO DE
CARGAS NACIONAIS E
INTERNACIONAIS LTDA, EXPERT
LOG LLC, and LEVU AIR CARGO, LLC,

    Defendants.

_____/

**COMPLAINT AND PETITION TO COMPEL ARBITRATION**

Plaintiff Speedmark Transportation, Ltd. ("**Speedmark**"), files this Complaint seeking an Order compelling arbitration between Speedmark and Defendants Expert-Log Agenciamento de Cargas Nacionais e Internacionais Ltda. ("**Expert-Log Cargas**"), Expert Log LLC ("**Expert Log Miami**," and together with Expert-Log Cargas, "**Expert-Log**"), and Levu Air Cargo, LLC, ("**Levu**," and together with Expert-Log, "**Defendants**"), pursuant to the parties' Agency Agreement (the "**Agency Agreement**") and Sections 4 and 206 of the Federal Arbitration Act (9 U.S.C. §§ 4, 206), and in support thereof states as follows:

1.    Speedmark is a limited liability company organized under the laws of Taiwan, Republic of China.

2.    Upon information and belief, Expert-Log Cargas is a corporation organized under the laws of Brazil with its headquarters in Curtiba, Brazil. On its website, Expert-Log Cargas states that

1

"Relying on its own offices strategically located in Brazil, Argentina, United States . . . Expert-Log guarantee the absolute support and execution . . . of your project." Expert-Log Company Page, https://www.expert-log.com/en/company.php (last visited Jan. 23, 2025).

3. Upon information and belief, in the United States, Expert-Log Cargas operates through its "own office": Expert Log Miami.

4. Upon information and belief, Expert Log Miami is a limited liability company organized under the laws of Florida, with its principal place of business at 1951 NW 68TH Ave., Bldg. 706, Ste. 228, Miami, FL 33126.

5. Upon information and belief, Expert Log Miami is owned by Expert-Log Cargas.

6. Upon information and belief, Expert-Log Cargas controls the daily operations of Expert Log Miami. Expert Log Miami is the alter ego of Expert-Log Cargas.

7. Upon information and belief, Levu is a limited liability company organized under the laws of Florida. Levu has its principal place of business at the same office as Expert Log Miami: 1951 NW 68th Ave., Bldg 706, Ste. 228, Miami, FL 33126.

8. Upon information and belief, Levu acts as the agent for Expert-Log Cargas. Levu is the alter ego of Expert-Log Cargas.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. §§ 203 and 206, which confer original jurisdiction of United States District Courts over proceedings falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("**the New York Convention**," codified in 9 U.S.C. §§ 201-208).

10. This Court has personal jurisdiction over Defendants under Section 48.193(1), Florida Statutes.

11. Venue is proper in this district pursuant to 9 U.S.C. § 204.

## BACKGROUND

12. Speedmark and Expert-Log entered into a contract, the Agency Agreement, in 2012. The Agency Agreement is attached hereto as Exhibit "A."

13. The Agency Agreement provides that Speedmark and Expert-Log will share revenue earned by one party as a result of business originated by the other party, all payments to be made in US Dollars.

14. The Agency Agreement includes an arbitration clause providing as follows: "ANY/ALL disputes, that may arise between the parties from hereon, out of or in relation to or in connection with this agreement shall be finally settled by the arbitration to the rules of United States of America." *See* Ex. A.

15. In July 2024, Rodrigo Pacheco, the Authorized Member of Levu, using an Expert-Log email address and signature block designating him as "CEO President" of the "Expert-Log" Miami Office, arranged for Speedmark to handle a shipment of goods from Shanghai, China, to Guarulhos, Brazil.

16. Pacheco advised Speedmark that Expert-Log and Levu are "sister companies" and that Expert-Log's operations in Miami were handled by Levu.

17. Speedmark provided the requested services to Expert-Log and invoiced Expert-Log for $88,476.04, with payment to be made within fifteen (15) days. Invoice SHAAED4080487 is attached hereto as Exhibit "B."

18. Pacheco, acting for Expert-Log, acknowledged and agreed to the payment terms.

19. Speedmark has demanded payment from Defendants and Defendants have refused to pay the amounts owed to Speedmark.

20. On December 9, 2024, Speedmark served on Defendants a Demand for Arbitration before the American Arbitration Association.

21. Defendants have refused to participate in the arbitration.

## COUNT ONE

### REQUEST FOR AN ORDER COMPELLING ARBITRATION
### PURSUANT TO 9 U.S.C. § 206

22. Speedmark incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

23. The Agency Agreement, including the arbitration clause set forth above, is a commercial agreement that is valid, binding, and enforceable on the parties. *See* Ex. A.

24. The Agency Agreement is not entirely between citizens of the United States. *See id.*

25. Speedmark has not waived its right to arbitration.

26. Speedmark has demanded that Defendants arbitrate the dispute arising from Defendants' failure to pay the amounts owed as set forth in Invoice SHAAED4080487.

27. Defendants have failed to agree to or participate in arbitration as required by the Agency Agreement.

28. Speedmark has no remedy at law and is entitled to an Order compelling Defendants to comply with the arbitration obligation set forth in the Agency Agreement. *See id.*

### RELIEF REQUESTED

WHEREFORE, Speedmark requests that this Court enter an Order as follows:

1. Compelling arbitration in accordance with 9 U.S.C. §§ 4, 201 and 206 in Miami, Florida, and appointing an arbitrator from the American Arbitration Association who specializes in commercial arbitrations to decide this dispute between Speedmark and Defendants;

2. Awarding Speedmark the costs of this Petition, including legal fees, and such other relief as the Court may deem just or equitable; and

3. Retaining jurisdiction pending the outcome of the arbitration involved herein.

Dated: January 24, 2025

Respectfully submitted,

/s/ Elisabeth Rabin
Elisabeth L. Rabin, Esq.
Florida Bar No. 1025636
erabin@duanemorris.com
DUANE MORRIS LLP
201 South Biscayne Boulevard
Suite 3400
Miami, Florida 33131
Tel: (305) 960-2200
Fax: (305) 960-2201

*Counsel for Speedmark Transportation, Ltd.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF on January 24, 2025, and that a true and correct copy will be served upon the defendants in accordance with the rules.

/s/ Elisabeth Rabin
Elisabeth L. Rabin